IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NORMA FIELDER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JOHN B. FIELDER AND JAMES FIELDER, CANDIS ELAINE FIELDER-BURNS, LAURA LOUISE FIELDER-KING, BEN ALAN FIELDER, JOHN KEETON FIELDER, PATRICIA DIANNE FIELDER, AND AMANDA DONNETTE PACE, INDIVIDUALLY | § § § § § § § § § § § § § § § § | CIVIL ACTION NO: 12-230 |
| VS. | | |
| E.I. DUPONT DE NEMOURS AND COMPANY, INC., ET AL | | |

**DEFENDANT 4520 CORP., INC., AS SUCCESSOR-IN INTEREST TO THE BENJAMIN F. SHAW COMPANY'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company, by and through its attorney, and submits its Answer to Plaintiffs' Original Complaint:

### Answer

4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company responds to the allegations of Plaintiffs' Original Complaint as follows:

**I.    Parties and Service**

1-12.    4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company admits that it has been served and is appearing in this case. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 1 through 2 and

1

therefore denies them or they are legal conclusions to which no response is necessary. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company admits it is a Delaware Corporation.

## II. Jurisdiction of Venue

13-14. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company does not dispute jurisdiction or venue. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company admits it is a Delaware Corporation with its principal place of business in Oregon. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company further admits that it does business in the State of Texas. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 13 through 14 or they are legal conclusions to which no response is necessary.

## III. Summary of Facts

15-20. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15 through 20 and therefore denies them. More specifically, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company denies as untrue and the allegations contained in Paragraph 18.

## IV. Negligence and Gross Negligence

21-25. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company denies all liability to Plaintiffs. Paragraphs 21 through 25 pertain to Defendant, E.I. DuPont Nemours.

## IV. Negligence

4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company denies all liability to Plaintiffs.

## VI. Strict Liability/Failure to Warn

26-32. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company denies all liability to Plaintiffs.

## XI. Discovery Rule

4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations contained in Paragraph XI.

## V. Damages

33-34. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company denies all liability to Plaintiffs. Answering further, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 33-34 regarding the nature and extent of injuries and damages allegedly suffered by Plaintiffs and therefore denies them.

### Prayer

4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company denies that Plaintiffs are entitled to the relief sought in their prayer.

WHEREFORE, Defendant, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company prays that Plaintiffs take nothing by this suit, that 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company have judgment for its costs in this proceeding,

and that the Court grant 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company such other and further relief as the Court may deem just and proper.

## Statement of Affirmative Defenses

4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company relies upon the following affirmative defenses as may be applicable at trial:

## Texas Law

1. Pleading further, and in the alternative, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company states that in the event Texas law is applied, the following provisions of Texas law should be applied. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company gives notice of its intent to rely on these defenses if Texas law be applied.

2. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company alleges that Plaintiffs' claims are barred by the applicable limitations period.

3. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company alleges that Plaintiffs claims for breach of warranty are barred by the applicable statute of limitations.

4. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company specifically alleges that Plaintiffs' claims for breach of warranty are barred on account of Plaintiffs' failure to give notice as required by TEX. BUS. & COM. CODE §2.607.

5. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company asserts that Plaintiffs' claims fail to state a claim

upon which relief may be granted as a matter of law, including but not limited to the Plaintiffs' claims for attorneys fees.

6. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company alleges that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages. The same may constitute negligence *per se*, and 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company requests that the jury be so instructed.

7. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company requests that in accordance with requests that in accordance with TEX. CIV. PRAC. & REM. CODE §33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the Plaintiffs, each settling person and each responsible third party who has been designated under §33.004. TEX. CIV. PRAC. & REM CODE.

8. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company requests that in the event at the time of submission Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE §18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

9. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company alleges that Plaintiffs' recovery of medical or health care expenses incurred be limited to the amount actually paid or incurred by or on behalf of the Plaintiffs. TEX. CIV. PRAC. & REM. CODE §41.0105.

10. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company alleges that Plaintiffs may not recover any amount of damages if Plaintiffs' percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE §33.001.

11. For further answer, if such be necessary, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company alleges that in accordance with §33.013 of the Texas Civil Practices & Remedies Code, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of responsibility of 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

12. 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company would show that Plaintiffs' damages, if any, was proximately caused, either partially or solely, by the acts or omissions of third persons or entities not within the control of this Defendant, said acts or omissions constituting negligence.

WHEREFORE, Defendant, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company prays that Plaintiffs take nothing by this suit, that 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company have judgment for its costs in this proceeding, and that the Court grant 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The B. Swift Law Firm, P.C.
480 N. Sam Houston Pkwy. East
Suite 232
Houston, Texas 77060
(281) 447-9438
(281) 447-5733 – Fax


_____
Brian T. Swift
TBA No: 00033023
Federal Bar No: 566883

Attorney for Defendant,
4520 Corp., Inc., as Successor-in-Interest to The
Benjamin F. Shaw Company

## CERTIFICATE OF SERVICE

I hereby certify that on this __30__ day of __August__, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
Brian T. Swift