IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NORMA FIELDER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JOHN B. FIELDER AND JAMES FIELDER, CANDIS ELAINE FIELDER-BURNS, LAURA LOUISE FIELDER-KING, BEN ALAN FIELDER, JOHN KEETON FIELDER, PATRICIA DIANNE FIELDER, AND AMANDA DONNETTE PACE, INDIVIDUALLY | § | |
| VS. | § | CIVIL ACTION NO: 12-230 |
| E.I. DUPONT DE NEMOURS AND COMPANY, INC., ET AL | § | |

## DEFENDANT 4520 CORP., INC., AS SUCCESSOR-IN-INTEREST TO THE BENJAMIN F. SHAW COMPANY'S RULE 26 (a)(1) INITIAL DISCLOSURES

TO: Plaintiffs, Norma Fielder, Individually and as Executrix of the Estate of John B. Fielder and James Fielder, Candis Elaine Fielder-Burns, Laura Louise Fielder-King, Ben Alan Fielder, John Keeton Fielder, Patricia Dianne Fielder, and Amanda Donnette Pace, Individually, by and through their attorney of record, Ian P. Cloud, Heard, Robins, Cloud & Black, L.L.P., 9 Greenway Plaza, Suite 2300, Houston, Texas 77046.

Defendant, 4520 Corp., Inc., as Successor-in-Interest to The Benjamin F. Shaw Company ("4520 Corp."), for its Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rule of Civil Procedure states as follows:

### General Limitations and Exceptions

These initial disclosures are made upon a good faith review of information reasonably available to 4520 Corp. at this time. Discovery has not yet been conducted, and 4520 Corp.'s information regarding plaintiffs' claims is incomplete. 4520 Corp. reserves the right to make

supplemental and subsequent disclosures in the course of discovery as information becomes available.

4520 Corp. will withhold information protected from disclosure by the attorney-client privilege or work-product immunity doctrine, including, without limitation, information prepared by or at the direction of its attorneys, or by or for its attorneys' representatives or agents in anticipation of litigation or for trial, any materials containing or reflecting mental impressions, conclusions, opinions, or legal theories, or the basis thereof, of any attorneys for 4520 Corp., or any other applicable privileges.

4520 Corp., in making its initial disclosures, does not waive any objections based on materiality, competence, privilege, immunity from disclosure, or other grounds as specified above.

4520 Corp. has exercised reasonable and due diligence in making its initial disclosures, and reserves the right to amend or supplement its responses when and if additional requested information or documents are located by, or their contents become known to 4520 Corp. 4520 Corp. further reserves the right to assert any applicable objection to the disclosure of any such additional information or documents.

## Initial Disclosures

Subject to the foregoing reservations and exceptions, and without waiver thereof, 4520 Corp. responds to the initial disclosure items under Rule 26(a)(1), Fed.R.Civ.P. as follows:

### (A)(i) Individuals Likely to Have Discoverable Information

4520 Corp. includes a non-exhaustive list of the names, address, and telephone number (if known) of individuals who are reasonably likely to have discoverable information relevant to

facts that bear significantly on its defenses, or whose names are disclosed by documents in 4520 Corp.'s possession, along with the subject matter of such information.

1. Mr. Bernard (Buddy) Kida
   164 Kirk Road
   Boothwyn, Pennsylvania.

   Mr. Kida was a Project Manager and Construction Area Manager for Benjamin F. Shaw Company. Mr. Kida will testify to matters involving trade jurisdiction at DuPont Plants; the strict dividing lines between trades and the effect of crossing trade jurisdiction at DuPont facilities; labor relations between trades, between contractor employees and facility supervisors, and between facilities and contract providers, generally; the interaction of DuPont employees with union employees at DuPont facilities; and the operating structure of facilities, including DuPont facilities, at which Benjamin F. Shaw employees worked and that the control of such operations including supervising of work and purchase of materials was in the hands of the facility employees.

   Mr. Kida will also testify to the corporate structure, business model(s), business enterprise, and other activities of the Benjamin F. Shaw Company.

2. Lee T. Freeland, CIH
   6870 Shanahan Drive
   Beaumont, Texas, 77006

   Mr. Freeland is a certified industrial hygienist and a retired employee from E.I. DuPont de Nemours and Company. His testimony will be based upon a review of the documents produced by plaintiffs and other parties, including Benjamin F. Shaw Company, during discovery and upon Benjamin F. Shaw and DuPont corporate literature and documentation. He may also rely on other documents received and reviewed by him during the course of his career. He may testify, either live or by deposition, regarding his specialized knowledge of the evaluation and application of industrial hygiene studies of asbestos; industrial hygiene principles and methodologies used to determine potential hazards due to asbestos exposure; the nature, composition, properties, content and application of asbestos and asbestos-containing products; exposures and exposure levels to asbestos; the development of scientific knowledge with respect to asbestos and germane industrial hygiene issues; and the history and use of threshold limit values.

3. Donivan McCulley, Deceased
   300 Frostberry Court
   Fountain Inn, South Carolina 29644
   (By prior deposition testimony).

   Mr. McCulley was President and CEO of Benjamin F. Shaw Company. He commenced his employment with Benjamin F. Shaw Company in 1940 as a

welder and retired in May 1976. Thereafter, Mr. McCulley was employed as a consultant until 1986. By videotaped deposition, Mr. McCulley will testify to matters involving the activities and operations of Benjamin F. Shaw Company at DuPont plants, including trade jurisdiction, construction activities, pipe insulation, asbestos use, labor relationships, safety issues, and activities involving The Benjamin F. Shaw Company. Mr. McCulley will also testify to the corporate structure, business model, business enterprise and other activities of The Benjamin F. Shaw Company.

Mr. McCulley was tendered as a corporate representative in the matter of *Roberta Phillips, et al vs. A.C.&S., Inc., et al*, (Cause No: B-990,438-C, District Court of Orange County, Texas) and various other cases on September 7, 2001 and thereafter. A copy of Mr. McCulley's deposition transcript has been produced to Plaintiff's counsel.

4. Norma Fielder
   c/o Ian P. Cloud
   Heard, Robins, Cloud & Black, L.L.P.
   9 Greenway Plaza, Suite 2300, Houston, Texas 77046

   Plaintiff and executrix of the Estate of John B. Fielder.

5. James Fielder
   c/o Ian P. Cloud
   Heard, Robins, Cloud & Black, L.L.P.
   9 Greenway Plaza, Suite 2300, Houston, Texas 77046

   Plaintiff.

6. Candis Elaine Fielder-Burns
   c/o Ian P. Cloud
   Heard, Robins, Cloud & Black, L.L.P.
   9 Greenway Plaza, Suite 2300, Houston, Texas 77046

   Plaintiff.

7. Laura Louise Fielder-King
   c/o Ian P. Cloud
   Heard, Robins, Cloud & Black, L.L.P.
   9 Greenway Plaza, Suite 2300, Houston, Texas 77046

   Plaintiff.

8. Ben Alan Fielder
c/o Ian P. Cloud
Heard, Robins, Cloud & Black, L.L.P.
9 Greenway Plaza, Suite 2300, Houston, Texas 77046
Plaintiff.

9. John Keeton Fielder
c/o Ian P. Cloud
Heard, Robins, Cloud & Black, L.L.P.
9 Greenway Plaza, Suite 2300, Houston, Texas 77046

Plaintiff.

10. Patricia Dianne Fielder
c/o Ian P. Cloud
Heard, Robins, Cloud & Black, L.L.P.
9 Greenway Plaza, Suite 2300, Houston, Texas 77046

Plaintiff.

11. Amanda Donnette Pace
c/o Ian P. Cloud
Heard, Robins, Cloud & Black, L.L.P.
9 Greenway Plaza, Suite 2300, Houston, Texas 77046

Plaintiff.

12. All medical providers listed in the records as treating decedent.

13. All individuals or categories of individuals identified by any party to this action (whether still a party in the case or not) in discovery responses, disclosure statements, or lists of witnesses and exhibits.

14. Necessary foundational witnesses, including Custodians of Records.

4520 Corp., Inc. reserves the right, as discovery and investigation continues, to later disclose, depose, or call at trial other individuals not currently listed in this disclosure and/or to provide current address information at a later date upon counsel's access to same.

### (A)(ii) Document Categories/Locations

Based upon the allegations in Plaintiffs' complaint, 4520 Corp. submits the following description by category and location, of documents, data compilations, and tangible things that

are in the possession, custody, or control of 4520 Corp. that 4520 Corp. may use to support its claims or defenses.

Any and all documents obtained by 4520 Corp. and previously produced to Plaintiff's counsel in prior litigation, including, but not limited to, corporate documents, state-of-the-art literature, standard policies and procedures, contractor and premises owner safety regulations and guidelines, and all relevant documents to the claims in this case.

4520 Corp. reserves the right to supplement this list to include medical records related to decedent and any other documents identified during the course of discovery and produced by other parties in this case that contain information that may be used by 4520 Corp. to support its defenses in this action.

### (A)(iii) Damage Computations

A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered; and

Defendant specifically reserves the right to supplement this response regarding plaintiff's alleged damages and injuries. At this time, defendant does not have any medical records or billing statements to support the past medical expenses and plaintiff's medical treatment.

### (A)(iv) Insurance Agreement

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendant advises the Court and Plaintiff that Defendant's counsel will make available any and all insurance agreements which are applicable and relevant in this matter.

        Respectfully submitted,

The B. Swift Law Firm, P.C.
480 N. Sam Houston Parkway East, Suite 232
Houston, Texas 77060
(281) 447-9438
(281) 447-5733 - Fax

_____
Brian T. Swift
TBA No: 00033023
Federal Bar No: 566883
bswift@bswiftlaw.com

Attorney for Defendant,
4520 Corp., Inc. as Successor-in-Interest to
The Benjamin F. Shaw Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached Defendant's Initial Disclosures has been forwarded to all counsel of record on this __12__ day of __October__, 2012.

_____
Brian T. Swift